UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM EVANS,                                    :
                          Petitioner,              :
                                                   :
        v.                                         :        No. 2:21-cv-03693
                                                   :
WARDEN FELIPE MARTINEZ, JR.;                      :
PA BOARD OF PROBATION AND PAROLE;                 :
THE DISTRICT ATTORNEY OF THE COUNTY               :
OF PHILADELPHIA; and THE ATTORNEY GENERAL         :
OF THE STATE OF PENNSYLVANIA;                     :
                          Respondents.             :

**O P I N I O N**
**Report and Recommendation, ECF No. 28 – Adopted**

**Joseph F. Leeson, Jr.**                                          **January 3, 2022**
**United States District Judge**


I.      **INTRODUCTION**

        Petitioner William Evans filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254, challenging a warrant issued on April 18, 1996, by the Pennsylvania Board of Probation

and Parole ("BPP"), which was lodged as a detainer to ensure his return to state custody at the

expiration of his federal sentence.  To date, Evans remains in federal custody serving his federal

sentence.[1]  Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation ("R&R")

recommending that the habeas corpus claims be dismissed.  Evans has filed objections to the

R&R.  For the reasons set forth below, the R&R is adopted.

_____

[1]      On November 6, 1995, Petitioner was convicted of one count of conspiracy to commit
bank robbery, armed bank robbery, and using a firearm during a crime of violence.  *See United
States v. Evans*, No. 2:95-cr-00434 (E.D. Pa.).  He was sentenced on February 7, 1996, to an
aggregate term of thirty-one years' imprisonment.  *Id.*

II.     **STANDARDS OF REVIEW**

A.      **R&R – Review of Applicable Law**

When objections to a report and recommendation have been filed under 28 U.S.C.

§ 636(b)(1)(C), the district court must make a de novo review of those portions of the report to

which specific objections are made.  28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099,

1106 n.3 (3d Cir. 1989).  "District Courts, however, are not required to make any separate

findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28

U.S.C. § 636(b)."  *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016).  The "court may

accept, reject, or modify, in whole or in part, the findings and recommendations" contained in

the report.  28 U.S.C. § 636(b)(1)(C).

B.      **Habeas Corpus Rule 4 – Review of Applicable Law[2]**

The Supreme Court has held that "[f]ederal courts are authorized to dismiss summarily

any habeas petition that appears legally insufficient on its face," pursuant to 28 U.S.C. § 2254

Habeas Rule 4. *McFarland v. Scott*, 512 U.S. 849, 855 (1994). Habeas Rule Four allows a

judge to sua sponte dismiss a § 2254 habeas petition "without ordering a responsive pleading

'[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court.'" *Moreland v. Commonwealth*, No. 2:14-cv-186, 2014 WL

6473419, at *3 (W.D. Pa. Nov. 18, 2014) (quoting 28 U.S.C. § 2254, Habeas Rule 4.); *see also*

*Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985) ("[A] district court can dismiss a habeas corpus

petition if it appears on the face of the petition that petitioner is not entitled to relief."); *Paladino*

---

[2]     The standard is taken directly from the R&R.  *See* R&R 4-5, ECF No. 28.

*v. Siegel*, No. 08-1533, 2009 WL 2096224, at 1* n.1 (E.D. Pa. July 13, 2009) (same).  Under 28 U.S.C. § 2254, a federal court may entertain a habeas corpus petition only when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."

### III.   BACKGROUND

The R&R summarizes the factual and procedural background of this case.  *See* R&R 1-3. Evans does not object to this summary and, after review, it is adopted and incorporated herein.

The most relevant dates are as follows:  On March 10, 1987, Evans was re-sentenced following his state robbery conviction to an aggregate term of five to ten years' imprisonment and five years' probation.  *See id.*  He was paroled on April 23, 1989, with an expiration date of August 23, 1995.  *Id.*  Prior to the expiration of the parole term, on August 15, 1995, Evans was indicted in the Eastern District of Pennsylvania on a new, different set of robbery charges. *Id.* Evans is currently serving this federal sentence.  On April 18, 1996, the BPP issued a warrant for his arrest on the state case, which was lodged as a detainer.  *Id.*

This warrant is challenged by Evans in an amended habeas corpus petition filed with this Court.  *See* Pet., ECF No. 24; *see also* ECF No. 1.  Evans argues: (1) the Pennsylvania Parole Agent lacked jurisdiction to file the warrant; and (2) the Parole Agent violated the 5th and 14th Amendments by failing to follow the policies set forth by 37 Pa. Code § 71.3. *See id.*  On November 19, 2021, Magistrate Judge Lynne A. Sitarski issued an R&R concluding that because Evans remains in federal custody, his habeas claims arising from the state BPP warrant/detainer are not cognizable.  *See* R&R 4-6.  Evans filed objections to the R&R.  Objs., ECF No. 29.

### IV.   ANALYSIS

This Court has conducted de novo review of Evans's claims and adopts the R&R in its entirety and incorporates the same herein.  This Opinion briefly addresses his objections.

1.      **Evans's objections are overruled.**

Evans objects to the R&R as misconstruing his argument because the Magistrate Judge refers to the BPP warrant as a detainer instead of a warrant. *See* Objs. ¶¶ 1, 3. He makes a number of arguments based on this alleged misconstruction. *See id.* After de novo review, this Court finds no error. The BPP warrant acted as a detainer to ensure that once Evans was released from federal custody, he would be returned to state custody on the BPP warrant. The two terms are therefore interchangeable. The objections in this regard are overruled.

Evans also raises a number of objections that are essentially a reassertion of his habeas claims. *See* Objs. ¶¶ 2-7. Upon de novo review, this Court overrules his objections and dismisses his claims for the reasons set forth in the R&R, which thoroughly discussed the claims.

Finally, Evans asserts that the Magistrate Judge failed to address his arguments regarding the alleged deficiency of the BPP warrant and the manner and means of conspiracy. *See* Obj. ¶ 8 (citing Pet. Mem. 14-15, ECF No. 2). As to his challenges regarding any deficiencies in the warrant, such claims are not cognizable for the reasons set forth in the R&R. Accordingly, there is no error in the Magistrate Judge not specifically reviewing this argument. Similarly, because Evans has not alleged a protectable interest for a constitutional deprivation, as the R&R explained, any assertions in this regard are not cognizable and did not need to be addressed separately. After de novo review, Evans's remaining objections to the R&R are overruled for the reasons adequately explained in the R&R.

2.      **There is no basis for the issuance of a certificate of appealability.**

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the

constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons set forth herein and in the R&R, Evans's claims are not cognizable on federal habeas review. He has not made a substantial showing of the denial of a constitutional right, nor would jurists of reason find the Court's assessment debatable or wrong. A COA is denied.

## V.        CONCLUSION

After de novo review and for the reasons set forth herein, the R&R is adopted. Because Evans remains in federal custody, his claims challenging a state warrant are not cognizable on federal habeas review. The objections are overruled and the petition for writ of habeas corpus is dismissed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge